IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENJAMIN JOHN BROKAW,
#859107,

    Plaintiff,

v.

CHESTER MENTAL HEALTH,

    Defendant.

Case No. 21-cv-01451-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Benjamin Brokaw, who is currently being held at Chester Mental Health Center ("CMHC"), filed this lawsuit alleging that he has not been compensated for work done, has not been allowed to work to make a living, and is suffering at the hands of other patients. (Doc. 1). Although Brokaw did not state which statute he is pursuing his claims under, it is presumed he is filing a civil rights complaint pursuant to 42 U.S.C. § 1983 because he is housed at a state facility, and he appears to be complaining about conditions of his confinement.

    The Court must conduct a preliminary review of his Complaint. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2).[1] Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

    Here, the only named defendant, Chester Mental Health Center, is not subject to suit for

---

[1] Brokaw has not informed the Court as to his status (civil detainee, pre-trial detainee, or prisoner). Regardless of his status, he is proceeding *in forma pauperis* and therefore, the Court must conduct a review of the Complaint.

1

money damages under Section 1983. *See Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012) ("a state and its agencies are not suable 'persons' within the meaning of section 1983"). As such, the Complaint fails to state a claim upon which relief can be granted and will be dismissed with prejudice. Brokaw will not be given an opportunity to amend his Complaint, as it would be futile. *See Hukic v. Aurora Loan Serv.*, 588 F. 3d 420, 432 (7th Cir. 2009).

Brokaw has a habit of filing brief and inadequate pleadings in this District that do not comply with the Federal Rules of Civil Procedure. *See Brokaw v. IL Department of Human Services*, No. 21-00371-SMY (S.D. Ill. Oct. 27, 2021) (dismissed for failure to file a third amended complaint); *Brokaw v. Illinois Department of Human Services*, No. 21-cv-00801-SMY (S.D. Ill. Nov. 12, 2021) (dismissed for failure to file a first amended complaint). *See also Brokaw v. Johnson*, No. 21-cv-1373-NJR (S.D. Ill. Dec. 14, 2021) (finding Brokaw's Complaint "too short and plain"); *Brokaw v. IL Dept of Human Services*, No. 21-cv-01696-SPM (S.D. Ill. filed December 16, 2021) (the complaint filed is a single sentence). He has been advised of what is required to draft a complaint in accordance with Rule 8. Yet, in the current lawsuit, Brokaw has made no effort to explain the basis of his claim. The Complaint is 40 words long and bereft of content. Additionally, his request for relief is $300 million dollars. A ridiculous sum of money.

Accordingly, the Court does not believe that Brokaw will use an additional opportunity to properly plead his claims and file an appropriate pleading. The Court will not waste its limited time and scarce judicial resources piecing together claims on his behalf. This case is dismissed.

### DISPOSITION

For these reasons, the Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Brokaw is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Brokaw may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Brokaw does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Brokaw may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 12, 2022**

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**